ALABAMA & VICKSBURG RAILWAY CO. *v.* D. BRICHETTO.

RAILROADS. *Strike. Diverting freight. Duty to shipper. Damages.*

A railroad company, having transported vegetables consigned to a northern market to the junction of its road with another road in the same system, and finding that, because of a strike, they cannot be forwarded over that road, instead of sending them by another available route, without communicating with the shipper, as could easily be done, diverts them to a southern market, where they are sold at a sacrifice, is liable in damages.

FROM the circuit court of the second district of Hinds county. HON. J. B. CHRISMAN, Judge.

Appeal from a judgment in favor of appellee. The opinion states the facts.

*Nugent & McWillie,* for appellant.

1. In view of the unforeseen emergency and the perishable nature of the freight, it was the duty of appellant to get them to market as speedily as possible. It could not be anticipated that the strike would be controlled, and it was likely to be extended to the other roads. Only one way was left open to certainly get the vegetables promptly to market, and that was adopted. Appellant exercised due care. The *vis major* prevented the shipment through, and the next best thing possible was done to protect the shipper. 84 Ill., 36; 16 Am. Ry. Rep., 422; 11 S. W. Rep., 900; 7 S. E. Rep., 629; 102 N. Y., 563; 76 *Ib.*, 305; *Johnson* v. *Railroad Co.*, 33 *Ib.*, 610. Appellant was agent of the shipper, and acted in good faith. Hutch. on Carriers, §§ 432–4; *Express Co.* v. *Smith*, 31 Am. Rep., 561; 32 Am. Dec., 552; 49 *Ib.*, 586.

2. The market value of the tomatoes at Meridian is the measure of damages, if defendant is liable. It is fair to assume that they brought as much in New Orleans as they would have brought if sold in Meridian. 65 Barb. (N. Y.), 227; 16 Vt., 570; 3 Suth. on Dam., 488, 491.

*W. A. Montgomery,* for appellee.

The shipper should have been notified of the obstruction at Meridian. Then he could have given instructions. Instead of advising him, and without any effort to forward the goods to their destination by another route, as could have been done, they were diverted, and sent to a different market in another direction. In this the carrier did not exercise due care, and appellee's rights were sacrificed. That he is entitled to recover, see *Railroad Co.* v. *Campbell*, 7 Heisk. (Tenn.), 253; 10 Mo., App., 134; 63 Mo., 314; 68 *Ib.*, 268; 18 Am. & Eng. R. R. Cas., 578; 46 Miss., 476.

The case of *Express Co.* v. *Smith*, 31 Am. Rep., 561, is not applicable, because the proof is that a delay of twenty-four hours or more would not have materially injured the vegetables. They could have been sent on by another road. 59 N. Y., 611.

WOODS, J., delivered the opinion of the court.

Appellant had a contract of carriage of the appellee's vegetables from Edwards, in this state, to Cincinnati, O. On the freight reaching Meridian, where the goods were to be delivered to the Alabama Great Southern Railroad, called the connecting line, but really a link in the same system of which the appellant was also a part, it was found to be impossible to forward the freight over that road, by reason of a strike on that one line, which strike only prevented transportation one day. It was the duty of appellant, in this unforeseen emergency, to communicate with the shipper, if convenient, and take his directions. It was altogether practicable to have notified the shipper in a few minutes, and to have taken his advice, but this the appellant failed to do. It was the duty of appellant, in the absence of orders from the shipper, to have exercised reasonable care to protect the shipper's interests. This the carrier did not do when it turned these vegetables south, over another line belonging to its system of railway, to New Orleans, and there selling them at $8\frac{1}{2}$ cents per crate, when it could have forwarded the same by one of two other railways from Meridian to Cincinnati, where the tomatoes would have brought the shipper $67\frac{1}{2}$ cents per crate.

*Affirmed.*